**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-23887-CV-WILLIAMS**

ROBERTO RODRIGUEZ ALVARADO,

      Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

      Respondents.

_____/

## ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Roberto Rodriguez Alvarado ("***Petitioner***" or "***Mr. Rodriguez Alvarado***") (DE 1). For the reasons set forth below, the Petition (DE 1) is **GRANTED**.

### I.    FACTUAL BACKGROUND

Mr. Rodriguez Alvarado is a seventy-year-old Cuban citizen who entered the United States forty-six years ago. (DE 1 ¶¶ 1–2). Upon his arrival in 1980, Mr. Rodriguez Alvarado was paroled into the United States. (DE 9 at 2). In 1989, Mr. Rodriguez Alvarado was convicted of trafficking in cocaine. (DE 9 at 2). Consequently, an immigration judge ordered Mr. Rodriguez Alvarado's exclusion and deportation from the United States.[1] (DE 1 ¶ 3). However, the United States has been unable to remove Mr. Rodriguez Alvarado to Cuba. (*Id.* ¶¶ 3–4). Respondents indicate that Mr. Rodriguez Alvarado was not released

---

[1] Mr. Rodriguez Alvarado contends that this occurred on March 4, 1993, (DE 1 ¶ 3), while Respondents contend that this occurred on March 4, 1994. (DE 9 at 2). This date discrepancy does not change the Court's analysis.

from immigration custody until 2014, roughly eleven years after he was ordered removed, when he was released on an Order of Supervision ("**OSUP**"). (DE 9-3 ¶¶ 13–14; DE 9-8 at 1).[2]

After his release, Mr. Rodriguez Alvarado attended regularly scheduled check-ins. (DE 1 ¶ 6). On December 2, 2025, at one of those check-ins, Immigration and Customs Enforcement ("**ICE**") detained Mr. Rodriguez Alvarado, and he has remained in immigration custody since. (DE 1 ¶ 4). On December 16, 2025, ICE received notice that Cuba denied repatriation. (DE 9 at 3). At the time he filed his Petition, Mr. Rodriguez Alvarado had been in custody for one hundred and eighty-two days. Mr. Rodriguez Alvarado seeks habeas relief, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001) and challenging the lawfulness of his detention under the Fifth Amendment's Due Process Clause.[3]

## II.    LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a

---

2 In contrast, Mr. Rodriguez Alvarado's Petition states that he was released on an OSUP "[i]n or around 1994." (DE 1 ¶ 4). However, the Declaration of Deportation Officer Ricardo Herrero states that Mr. Rodriguez Alvarado was sentenced to "15 years in prison with 739 days of credit for time served" on December 18, 1989. (DE 9-3 at ¶ 10). Neither his Declaration nor the Response state how much time Mr. Rodriguez Alvarado spent in immigration custody prior to receiving his OSUP, but it appears to have been roughly a decade.

3 Because the Court concludes that Petitioner is entitled to relief under *Zadvydas*, it need not address Mr. Rodriguez Alvarado's remaining arguments. *See Pena-Gil v. Lyons*, No. 25-cv-03268, 2025 WL 3268333, at *4 n.5 (D. Colo. Nov. 24, 2025) ("Because the Court will grant petitioner's petition on the basis of his *Zadvydas* claims, . . . it need not reach petitioner's remaining claims that contest petitioner's detention.").

petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas*, 533 U.S. at 687.

### III.  DISCUSSION

Mr. Rodriguez Alvarado argues that his continued detention is unlawful, citing *Zadvydas*. It is undisputed that Mr. Rodriguez Alvarado is subject to a final order of removal and that his detention therefore falls under 8 U.S.C. § 1231. Accordingly, *Zadvydas* and its burden-shifting framework governs the Court's analysis.

Under *Zadvydas*, a petitioner must demonstrate: (1) that he has been detained for more than six months following the final order of removal and (2) there is good reason to believe that there is no significant likelihood of removal in the foreseeable future. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). After this six-month period and once the petitioner provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. The Court addresses each step of this burden-shifting framework in turn.

### i.  Mr. Rodriguez Alvarado Has Been Detained for More Than Six Months.

Mr. Rodriguez Alvarado was detained by ICE beginning on December 2, 2025. (DE 1 ¶ 4). The instant Petition was filed on June 2, 2026. (DE 1). Thus, the six-month period of presumptively reasonable detention has expired. *See Zadvydas*, 533 U.S. at 701 (establishing a six-month period during which continued detention post-removal is presumptively reasonable). Accordingly, Mr. Rodriguez Alvarado satisfies the first prong.

### ii.  There Is No Significant Likelihood of Removal in the Reasonably Foreseeable Future.

The Court next considers whether Mr. Rodriguez Alvarado has provided "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052. The Court concludes that he has.

Mr. Rodriguez Alvarado contends that the United States has been unable to remove him to Cuba since 1993, while Respondents concede that they have been unable to remove him since 1994. Most recently, on December 16, 2025, ICE received notice that Cuba denied repatriation. (DE 9 at 3). Moreover, ICE previously released him on an order of supervision, and for over a decade, he remained subject to that supervision without removal. "This is more than enough reason to believe his removal is nowhere in sight." *Romero v. Noem*, No. 2:26-cv-353, 2026 WL 820499, at *2 (M.D. Fla. Mar. 25, 2026) (petitioner met burden of showing there was no significant likelihood of removal in the reasonably foreseeable future where government failed to deport him for twenty years); *see also Perez v. Mia. Field Off. Dir.*, No. 2:26-cv-00475, 2026 WL 621387, at *2 (M.D. Fla. Mar. 5, 2026) (granting habeas petition and finding that ICE's previous release of petitioner on an order of supervision was sufficient to satisfy petitioner's burden that his removal was not reasonably foreseeable). Accordingly, Mr. Rodriguez Alvarado has met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.

### iii.      Respondents Have Not Rebutted Mr. Rodriguez Alvarado's Showing.

The burden now shifts to the Government to rebut Mr. Rodriguez Alvarado's showing—a burden it fails to meet. "This outcome should come as no surprise—the Government offers no documents, no diplomatic agreements, and no concrete evidence that [Petitioner] will be removed in the near future." *Romero*, 2026 WL 820449, at *2

(concluding that ICE's representation that it is working towards executing removal to a third-country in the absence of documentary proof "is not how a burden of proof works"); *Losada-Diaz v. Parra,* No. 25-22624-CIV, 2026 WL 1223375, at *4 (S.D. Fla. Jan. 25, 2026) (general steps to remove a noncitizen are insufficient to show a reasonable likelihood of removal); *Martinez-Marino v. Sheriff of Baker Cnty. Sheriff's Off.,* No. 3:25-cv-854, 2026 WL 681812, (M.D. Fla. Mar. 11, 2026) (granting habeas petition under *Zadvydas* based of government's failure to show reasonable likelihood of removal where "ICE has not identified any agreement with a third country to accept [petitioner], requested travel documents, or provided a timeline for potential third-country removal."); *Lanvin-Valdez v. United States Immigr. & Customs Enf't*, No. 3:26-cv-180, 2026 WL 1004569, at *4 (M.D. Fla. Apr. 14, 2026) (rejecting government's efforts to show a significant likelihood of removal where petitioner was "in ICE custody for nearly nine months with ICE being unable to remove him or otherwise provide more specific details on when he will be removed."); *Haghnejad v. Warden, Baker Corr. Inst.*, 3:26-cv-454, 2026 WL 982801, at *2 (M.D. Fla. Apr. 13, 2026) (same).

Respondents provide a Notice of Removal and the Declaration of Deportation Officer Ricardo Herrero stating that they intend to remove Mr. Rodriguez Alvarado to Mexico. (DE 9-3; DE 9-11). However, Respondents have not provided any documentation or concrete steps indicating that they will be able to effectuate Mr. Rodriguez Alvarado's removal. (*See* DE 9; DE 1 ¶ 7). That failure only reinforces Mr. Rodriguez Alvarado's argument that there is no significant likelihood of removal in the foreseeable future.

Accordingly, for the reasons set forth above, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **GRANTED**.[4]

2. Respondents **shall immediately release** Mr. Rodriguez Alvarado from custody. Respondents **shall** coordinate with Mr. Rodriguez Alvarado's counsel regarding the time and location of his release.

3. Respondents **shall** file a notice with the Court within forty-eight (48) hours detailing Mr. Rodriguez Alvarado's location and confirming his release from custody.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 4th day of August, 2026.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[4] The Court will not address Petitioner's request for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 in the Petition's prayer for relief. (DE 1 at 42). Should Petitioner wish the Court to consider the request, Petitioner must file a timely motion, which meets all other statutory requirements. *See* 28 U.S.C. § 2412(d).